UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:                                           Case No. 06-53975

RONALD F. KOZAK                        Chapter 13
and LISA M. KOZAK,

                                                      Judge Thomas J. Tucker

                 Debtors.
_____/

**SUPPLEMENT TO BENCH OPINION OF FEBRUARY 15, 2007
REGARDING CONFIRMATION OF DEBTORS' AMENDED PLAN**

       This case came before the Court on February 15, 2007 for a hearing on confirmation of the Debtors' First Amended Chapter 13 Plan (Docket # 42, filed January 17, 2007). The Court heard lengthy argument and then made its ruling in a bench opinion at the conclusion of the hearing. For the reasons stated by the Court in its bench opinion on February 15, 2007, the Court overruled all of the objections to confirmation and confirmed the Debtors' First Amended Plan. An Order confirming the Plan will be submitted and entered separately.

       During the Court's February 15, 2007 bench opinion, the Court indicated that it would file a citation of one or more cases in support of the Court's ruling on one issue. The issue concerns creditor United Christian Community Credit Union's objection to confirmation on the ground that the Debtors' applicable commitment period is 60 months, rather than 36 months as indicated in the Debtors' means test form (Official Form 22C, Docket # 11, filed October 16, 2006). For the reasons stated in the bench opinion, the Court ruled that this objection was untimely and waived by this creditor.

       The citation is this: *Cf. In re Duncan*, 245 B.R. 538, 543 (Bankr., E.D. Tenn. 2000)(holding that the debtor's filing of an amended plan before confirmation did not give

creditor a second opportunity to raise objections to confirmation that were not, but could have been, timely made to debtor's original plan; in this case the creditor had both a secured and an unsecured claim (*i.e.*, a bifurcated claim); the amended plan changed the treatment of the creditor's unsecured claim, but did not change the treatment of the creditor's secured claim, and creditor's earlier, untimely objection to debtor's original plan related solely to treatment of creditor's secured claim, rather than its unsecured claim).

**Signed on February 16, 2007**

                                                            **/s/ Thomas J. Tucker**
                                                            **Thomas J. Tucker**
                                                            **United States Bankruptcy Judge**